MUNICIPALITY OF SALINAS, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1000.  Submitted July 19, 1937.—Decided July 24, 1937.

*Manuel A. Rivera* for appellant.  The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The appellant municipality acquired by purchase from Mrs. Carmen Caratini a parcel of land, with an area of 2,882.24 square meters, described as follows:

"RURAL, parcel of land, located in the ward Pueblo of the Municipality of Salinas, according to a plan made by the engineer, Mr. Augusto Padilla, on a scale of one to three hundred, which measurement commenced at Highway No. 3, thence running in a direction N. 3° 12 E. to point number two, a distance of 70.90 meters; thence a direction N. 46° 17 E. to point number three, a distance of 33.54 meters, and both distances bounded by land now of Mr. Emilio Agosto; thence in a direction S. 70° 03 E. to point five, a distance of 34.45 meters bounded by land now of the Municipality and by Ciudad Perdida Street; thence in a direction S. 33° 34 W., a distance of 77.36 meters; thence in a direction S. 2° 09 E. to point seven of Highway No. 3, a distance of 19.49 meters, both distances bounded by land pertaining to the main property; and thence along Highway No. 3, in a direction N. 84° 36 W. to the starting point, a distance of 18.70 meters; containing in all 2882.24 square meters or seventy-three one-hundredths of an acre."

"*Segregation*: This property is segregated in order to form a separate property, which will thus be recorded in the Registry of Property containing one acre and four hundred and sixteen one-thousandths, located in said ward Pueblo of Salinas, bounded on the north by land belonging formerly to Mr. Domingo Mundo, and

now to the Municipality of Salinas; on the east by other land of said Municipality; on the south, by the highway and on the west by land belonging formerly to Mrs. María Eufrosina Caratini and now to Mr. Emilio Agosto.''

The deed was presented in the Registry of Guayama, and the respondent registrar made the record in accordance with the following decision:

''Record is made of this document, at page 239 of volume 31 of Salinas, property No. 1085, first record, free of liens, with the curable defect that the property sold is not described by its four cardinal points in compliance with the provisions of Section 9 of the Mortgage Law in connection with section 63 of its Regulations. Guayama, April 2, 1937, Matías Pomales Díaz, Acting Registrar.''

The appellant claims that the decision appealed from violates the same statutory provisions cited in it and constitutes an abuse of the discretion which the law grants to the registrar in passing upon the documents presented to him for record.

This court has held in numerous cases that the statement of the boundaries and area of a property is an essential requisite which must appear in the record made in the registry of property, and that the failure to comply with said requisites constitute a curable defect. See *Isales* v. *Maeso, et al.*, 16 P.R.R. 752; *González* v. *Registrar of Property*, 17 P.R.R. 226; *Figueroa* v. *The Registrar of Property*, 20 P.R.R. 23; *Malpica* v. *The Registrar*, 21 P.R.R. 91; *Vecchini* v. *The Registrar of Property*, 21 P.R.R. 219; *Jiménez* v. *Registrar of Caguas*, 24 P.R.R. 577; *Cabrera* v. *Registrar*, 45 P.R.R. 176, and the commentaries on the Mortgage Law by Morrell and Terry, Vol. 2, p. 111.

The contracting parties may also, if they deem it convenient, include in the deed a geometrical description of the property. There is nothing in the law against this. Moreover, Section 63 of the Regulations for the Execution of the Mortgage Law recognizes the right and convenience of so doing, by providing:

"*Second:* The location of rural estates shall be determined by a statement of the municipal district, judicial district, or any other name by which the district in which they may be located is known, their boundaries according to the four cardinal points, the character of the adjoining estate and any detail which will avoid confusion with other estates."

The registrar did not err in passing upon the document and his decision must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.